UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH VICTOR CONEY,

        Plaintiff,

                                  File No. 1:12-CV-800

v.

                                  HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                 /

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action comes before the Court on Plaintiff Joseph Victor Coney's objections to Magistrate Judge Ellen S. Carmody's January 31, 2014, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") be affirmed. (Dkt. No. 21, R&R; Dkt. No. 22, Obj.) The Commissioner has filed a response to Plaintiff's objections. (Dkt. No. 23.) This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has raised three objections to the R&R. First, he objects to the R&R's conclusion that the ALJ's residual functional capacity ("RFC ") determination is supported by substantial evidence. Plaintiff contends that the ALJ did not adequately explain why

Plaintiff's obesity and the comorbidities associated with it resulted only in "less than the full range of light work." Plaintiff also contends that the R&R's reliance on *Nejat v Comm'r of Soc. Sec.*, 359 F. App'x 574 (6th Cir. 2009), is misplaced because Nejat's obesity was only Level I and there was scant evidence of obesity in the record, while Plaintiff's obesity was found to be severe by the ALJ. The R&R properly cited *Nejat* for the proposition that the ALJ was required "to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Id*. at 577. The distinguishing facts of *Nejat* are not material to the purpose for which *Nejat* was cited. On de novo review, the Court agrees with the Magistrate Judge that the ALJ's RJC determination sufficiently accounts for Plaintiff's obesity.

In his second objection, Plaintiff contends that, contrary to the Magistrate Judge's conclusion, the ALJ did not properly evaluate the medical evidence. Plaintiff contends that it was error for the ALJ to discount Dr. Davis's conclusions simply because she could not read his narrative notes. *See Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239-242 (2002) (holding that ALJ erred in dismissing all of the treatment notes as illegible, when in fact many of the notes were legible).

The ALJ discounted Dr. Davis's opinion, not because some of his notes were illegible, but because his opinion was not well supported by objective medically acceptable clinical and laboratory diagnostic techniques, was inconsistent with the other substantial evidence in the case record, and was based on the Plaintiff's allegations instead of on medical

2

evidence. (Tr. 23-24.) On de novo review, the Court agrees with the Magistrate Judge that the ALJ's conclusion to afford less than controlling weight to Dr. Davis's opinion is supported by substantial evidence and did not violate the treating physician rule. *See Gentry v. Comm'r of Soc. Sec.*, No. 13–5719, 2014 WL 398057, at *13, — F.3d — (6th Cir. Feb. 4, 2014) (noting that the "treating physician rule" requires the ALJ to give controlling weight to a treating physician's opinion as to the nature and severity of the claimant's condition as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record"); *see also* 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.").

Plaintiff's third objection is to the Magistrate Judge's conclusion that Plaintiff's day-to-day limitations were properly discounted by the ALJ. Plaintiff contends that the ALJ should have credited his testimony regarding his limitations because it was consistent with his and his girlfriend's function reports and with the medical evidence of record, including his physician's opinions. On de novo review, this Court finds, for the reasons stated in the R&R, that the ALJ's determination that Plaintiff was not entirely credible was explained and supported by the evidence of record. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 21) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance and supplemental security income benefits is **AFFIRMED**.


Dated: February 19, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE